

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-4472
Re: Farmers Union Supply Company
may not change purpose clause
under facts presented.

Your request for an opinion of this department reads:

"For many years prior to January 18, 1939, the Farmers Union Supply Company was a company organized under and by virtue of the General Laws of Texas with a purpose clause setting forth the powers of said corporation for the purpose of buying and selling general merchandise and all kinds of farm products under Section 39 of Article 1302 of the Revised Civil Statutes. On said date, towit, January 18, 1939, the stockholders voted to adopt the provisions of the Cooperative Marketing Act of Texas under Article 5760 of the Revised Civil Statutes. This amendment was prepared, filed and approved by the Secretary of State, since which time the corporation has been operating under and by virtue of the powers granted under said Article 5760 under the provisions and requirements of the marketing associations.

"The stockholders and the directors now present to this Department an amendment changing the purpose clause and adopting the provisions of Section 40 of Article 1302. This Department returned the amendment with the advice that the purpose clause could not be so radically changed; that such change was not

authorized by Article 1314. The amendment has
been returned to us again by the attorneys of
the above captioned corporation insisting that
if they had a right to amend the charter in
the first place and adopt the Marketing Asso-
ciation law as prescribed in Article 5760, then
they had a right to re-amend and re-adopt a
purpose clause substantially as outlined in
the original corporation.

"We find no provisions of the statutes per-
mitting this last amendment.

"We request that you advise us as to whether
or not Article 1314 of the statutes, or any
other provisions would authorize the Secretary
of State to file and approve the amendment re-
ferred to above."

You state that the corporation involved in your
inquiry originally adopted as its purpose Subdivision 39 of
Article 1302, Vernon's Annotated Civil Statutes, reading:

"39. To purchase and sell goods, wares
and merchandise, and agricultural and farm
products."

Such corporation thereafter availed itself of the
provisions of and advantages afforded by the Marketing Asso-
ciation Act, being Chapter 8 of Title 93 of Vernon's Anno-
tated Civil Statutes. Such adoption was by virtue of Arti-
cle 5760 thereof reading in part:

"Any corporation or association organized
under previously existing statutes, may by a
majority vote of its stockholders or members
be brought under the provisions of this chap-
ter by limiting its membership and adopting
the other restrictions as provided herein. It
shall make out in duplicate a statement signed
and sworn to by its directors, upon forms
supplied by the Secretary of State, to the
effect that the corporation or association
has by a majority vote of its stockholders or
members decided to accept the benefits and be
bound by the provisions of this chapter. . . ."

After having adopted the terms and provisions of Chapter 8, supra, the corporation now seeks to amend its charter so as to have as its purpose clause Subdivision 40 of Article 1302, supra, reading:

"40. To buy and sell goods, wares and merchandise of any description, by wholesale or wholesale and retail, with a capital stock of not less than twenty thousand dollars; provided, such wholesale and retail business shall not be conducted apart or in separate establishments."

Article 1314, Vernon's Annotated Civil Statutes, provides that any private corporation created by virtue of Title 32 may amend its charter, but such right is limited by the last sentence thereof reading:

"No amendment or change violative of the Constitution or laws of this State or any provision of this title or which so changes the original purpose of such corporation as to prevent the execution thereof, shall be of any force or effect."

Article 5745 of the Marketing Act provides:

"The Articles of Incorporation may be altered or amended at any regular meeting or at any special meeting called for that purpose. An amendment must first be approved by two-thirds of the directors and then adopted by a vote representing a majority of all the members of the Association. Amendments to the Articles of Incorporation when so adopted shall be filed in accordance with the provisions of the general corporation law of this State."

Article 5740 of the Marketing Act provides:

"An association may be organized to engage in any activity in connection with the marketing or selling of the agricultural products of its members, or with the harvesting, preserving, drying, processing, canning, packing, storing, handling, shipping, or utilization thereof, or the manufacturing or marketing

of the by-products thereof; or in connection
with the manufacturing, selling or supplying
to its members of machinery, equipment or
supplies; or in the financing of the above
enumerated activities; or in any one or more
of the activities specified herein. Provid-
ed, however, any such activity may extend to
non-members and their products limited by
Article 5738 as heretofore amended."

When the Farmers Union Supply Company adopted the
provisions of the Marketing Act, it adopted, either inten-
tionally or unintentionally, the above quoted Article 5740
as its purpose clause, thus acquiring all the rights and
privileges afforded by the Act as well as becoming bound by
its limitations.

We held in our opinion No. 0-3929, the original
of which you have in your files, that a corporation could
not change its purpose from Subdivision 66 to Subdivision
67 of Article 1302. Such holding was predicated upon the
proposition that the proposed change would be a fundamental
and material change in the corporate purpose and was such
a change as to prevent the execution of the original pur-
pose.

Is there a fundamental and material change in the
instant case, where it is sought to change the purpose from
that authorized by Article 5740 to that contained in Sub-
division 40 of Article 1302, supra? Would the proposed
amendment so change the present purpose of the corporation
as to prevent the execution thereof? We believe it unnec-
essary to analyze these two articles as a casual reading
thereof will furnish ample affirmative evidence that to adopt
the latter article as a purpose clause will render the cor-
poration unable to perform any of the functions and to exer-
cise some of the rights and privileges now enjoyed as well
as vesting it with certain rights and privileges which it
does not now enjoy.

It is our opinion that you are without authority
to approve the proposed amendment.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Lloyd Armstrong
Lloyd Armstrong
Assistant

LA:GC